# UNITED STATES DISTRICT COURT

District of     MASSACHUSETTS

United States of America

V.

Stephen Da Rosa
Defendant

**ORDER SETTING CONDITIONS
OF RELEASE**

Case Number: CR: 04-10307-WGY

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case. Including, but not limited to, 18 U.S.C. ss. 1503, 1512, 1513, attached to this Order.

(2) The defendant shall immediately advise the court defense counsel and the U.S. attorney, in writing, before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified) _____
                                                                                                   Place

_____ on _____
                                             Date and Time

**Release on Personal Recognizance or Unsecured Bond**

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of _____ dollars ($ _____ ) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL    SERVICES    U.S. ATTORNEY    U.S. MARSHAL

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ✓ ) (6)  The defendant is placed in the custody of:
(Name of person or organization) **Alberto Da Rosa + Idilia Da Rosa**
(Address) **28 Clarence St, Brockton, MA**

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _Alberto Da Rosa_  8/18/05
        _Idilia Da Rosa_    8/18/05
        Custodian or Proxy   Date

(  ) (7) The defendant shall:

( ✓ )(a) report to the **Pre Trial Services when directed by Pre Trial Services**, by _____

( ✓ )(b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
**$10,000.00 secured bond. $10,000.00 Cash deposited into Court!**

(  ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described

(  ) (d) execute a bail bond with solvent sureties in the amount of $ _____

(  ) (e) maintain or actively seek employment.

(  ) (f) maintain or commence an education program.

(  ) (g) surrender any passport to: _____

( ✓ )(h) obtain no passport.

( ✓ )(i) abide by the following restrictions on personal association, place of abode, (or travel):
**Mass only**

(  ) (j) avoid all contact, directly or indirectly, excepting your counsel, with any persons who are or who may become a victim or potential witness in the prosecution, including but not limited to: _____

(  ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows: _____

(  ) (l) return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s): _____

(  ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.

( ✓ )(n) refrain from possessing a firearm, destructive device, or other dangerous weapons ( ✓ ) and there shall be none in your residence.

(  ) (o) refrain from ( ) any ( ) excessive use of alcohol.

( ✓ )(p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( ✓ )(q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

(  ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

(  ) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

( ✓ )(t) participate in one of the following home confinement program components and abide by all the requirements of the program ( ✓ ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
   ( ) (i) Curfew. You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
   ( ✓ ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
   ( ✓ ) (iii) Home Incarceration. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.

( ✓ )(u) report, within 24 hours, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

( ✓ )(v) **You are restricted to 3P custodians / Mother/Father residence, with the above exceptions. You must be in 3P custodian presence when not in residence**

( ✓ )(w) **give a drug test to Pre Trial Services before leaving on 8/18/05**

( ✓ )(x) **All features on residence phone that are incompatable with electronic monitoring be removed before Deft released today 8/18/05.**

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_Stephen DaPrease_
Signature of Defendant

_28 Clarence St._
Address

_Brockton, MA_        _(508) 584-0515_
City and State                Telephone

### Directions to United States Marshal

( ✓ ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judge at the time and place specified, if still in custody.

Date: _8/18/05_

Signature of Judicial Officer

HON. ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE
United States District Court
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 7420
Boston, Massachusetts 02210

DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or other committing magistrate, in the discharge of his duty, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, commissioner, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

As amended Oct. 12, 1982, Pub.L. 97-291, § 4(c), 96 Stat. 1253.

4 of 5

### § 1512. Tampering with a witness, victim, or an informant

(a) Whoever knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—

    (1) influence the testimony of any person in an official proceeding;

    (2) cause or induce any person to—

        (A) withhold testimony, or withhold a record, document, or other object, from an official proceeding;

        (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;

        (C) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or

        (D) be absent from an official proceeding to which such person has been summoned by legal process; or

    (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings;

shall be fined not more than $250,000 or imprisoned not more than ten years, or both.

(b) Whoever intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from—

    (1) attending or testifying in an official proceeding;

    (2) reporting to a law enforcement officer or judge of the United States the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings;

    (3) arresting or seeking the arrest of another person in connection with a Federal offense; or

    (4) causing a criminal prosecution, or a parole or probation revocation proceeding, to be sought or instituted; or assisting in such prosecution or proceeding;

or attempts to do so, shall be fined not more than $25,000 or imprisoned not more than one year, or both.

(c) In a prosecution for an offense under this section, it is an affirmative defense, as to which the defendant has the burden of proof by a preponderance of the evidence, that the conduct consisted solely of lawful conduct and that the defendant's sole intention was to encourage, induce, or cause the other person to testify truthfully.

(d) For the purposes of this section—

    (1) an official proceeding need not be pending or about to be instituted at the time of the offense; and

    (2) the testimony, or the record, document, or other object need not be admissible in evidence or free of a claim of privilege.

(e) In a prosecution for an offense under this section, no state of mind need be proved with respect to the circumstance—

    (1) that the official proceeding before a judge, court, magistrate, grand jury, or government agency is before a judge or court of the United States, a United States magistrate, a bankruptcy judge, a Federal grand jury, or a Federal Government agency; or

    (2) that the judge is a judge of the United States or that the law enforcement officer is an officer or employee of the Federal Government or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an adviser or consultant.

(f) There is extraterritorial Federal jurisdiction over an offense under this section.

Added Pub.L. 97-291, § 4(a), Oct. 12, 1982, 96 Stat. 1249.

§ 1513. Retaliating against a witness, victim, or an informant

(a) Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for—

    (1) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or

    (2) any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings given by a person to a law enforcement officer;

or attempts to do so, shall be fined not more than $250,000 or imprisoned not more than ten years, or both.

(b) There is extraterritorial Federal jurisdiction over an offense under this section.

Added Pub.L. 97-291, § 4(a), Oct. 12, 1982, 96 Stat. 1250.

5 of 5