UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| V. | ) ) | CASE NO. 04-10307-WGY |
| STEPHEN DAROSA | ) ) ) | |

**NOTICE RE:  NON-FILING OF MOTION TO SUPPRESS GUN AND AMMUNITION**

Now comes Stephen Darosa, the accused in the above-entitled criminal matter, by and through his attorney, and states that he will not be filing a Motion to Suppress the gun and ammunition seized on March 15, 2004 at or around 40 Clarence Street, Brockton, Masachusetts for the following reasons:

1. On November 21, 2005, counsel for Mr. Darosa received a copy of the transcript of the hearing on Mr. Darosa's Motion to Suppress in the Brockton District Court in the case of Commonwealth vs. Stephen J. Darosa, Docket No. 0415CR1970.  Counsel for Mr. Darosa reviewed the transcript of this hearing and the Arrest Report of Trooper Telford.

2. Although the judge in the Brockton District Court allowed Mr. Darosa's motion and suppress the gun and ammunition, in Elkins v. United States, 364 U.S. 206 (1960) and it progeny, the Supreme Court abolished the so called "silver platter" doctrine.  Thus, the mere fact that the state court found the search and seizure to be unlawful, the decision is not binding on the federal courts.  See e.g., California v. Hodari D., 499 U.S. 621 (1991); United States v. Smith, 423 F.3d 25 (1st Cir. 2005).

3. As in Hodari D., the question is whether Mr. Darosa was "seized" under the Fourth Amendment at the time he allegedly dropped or threw the gun and ammunition.  The test

udner the Fourth Amendment, unlike the Massachusetts Declaration of Rights, is whether there was either the application of physical force, however slight, or, where that is absent, submission to an officer's "show of authority" to restrain the subject's liberty.  Hodari D., supra, 499 U.S. at 624-629.  Here, no physical force was applied prior to the time Mr. Darosa allegedly relinquished possession of the gun and ammunition.  In addition, although the police pursuit of Mr. Darosa may have constituted a "show of authority" enjoining him to halt, Mr. Darosa did not comply with that injunction, and therefore was not seized until he was tackled.  The test for whether a person is "seized" is an objective one, not a subjective one.

      4.      Likewise, there is no constitutional prohibition on police officer's attempting to question persons as part of a general field invesigation.  As the First Circuit noted most recently in United States v. Smith, 423 F.3d 25, 28 (2005):

> While the Fourth Amendment protects against unreasonable searches and seizures, not all encounters between law enforcement officers and citizens constitute seizures. The Supreme Court has made clear that "[l]aw enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen." United States v. Drayton, 536 U.S. 194, 200-01, 122 S.Ct. 2105, 153 L.Ed.2d 242 (2002). "There is nothing in the Constitution which prevents a policeman from addressing questions to anyone on the streets." United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980) (quoting Terry v. Ohio, 392 U.S. 1, 34, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (White, J. concurring). We, too, have affirmed that the police may "approach citizens in public spaces and ask them questions without triggering the protections of the Fourth Amendment." United States v. Young, 105 F.3d 1, 6 (1st Cir. 1997).

      5.      Based upon the foregoing, counsel for Mr. Darosa has determined that there is not a strong basis for suppression in this case.

                    Respectfully submitted for,
                    Stephen Darosa, by his Attorney,

                    /s/ Eugene Patrick McCann
                    _____
                    Eugene Patrick McCann, BBO #327400
                    Manzi and McCann
                    59 Jackson Street
                    Lawrence, Massachusetts 01840
                    Tel. (978) 686-5664

DATED: November 23, 2005

## CERTIFICATE OF SERVICE

I, Eugene Patrick McCann, counsel for Stepehen Darosa, certify under the pains and penalties of perjury, that I have on this 23rd day of November, 2005, served a copy of the foregoing to be delivered by electronic filing to:

          AUSA Paul R. Moore
          Office of the United States Attorney
          U.S. Courthouse, Suite 9200
          One Courthouse Way
          Boston, Massachusetts 02210

                    /s/ Eugene Patrick McCann
                    _____
                    Eugene Patrick McCann